## DE KLOTZ v. BROUSSARD.†

(Circuit Court of Appeals, Eighth Circuit. February 21, 1913.)

No. 3,779.

FRAUD (§ 30*)—PERSONS LIABLE—PROMOTERS OF CORPORATION.

Where plaintiff purchased from the receiver of a corporation a claim against defendant for unpaid stock which defendant had been induced to buy by the fraudulent representations of promoters, but plaintiff, though interested in the corporation, had not been one of the promoters, and had not aided or assisted them in inducing defendant to subscribe either by false representations or by concealing from him that the promoters were to obtain a secret advantage by purchasing certain lands at a specified price, plaintiff was not liable for the promoter's deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 35; Dec. Dig. § 30.*

Acts of corporators and promoters, see notes to Yeiser v. United States Board & Paper Co., 46 C. C. A. 576; El Cajon Portland Cement Co. v. Robert F. Wentz Engineering Co., 92 C. C. A. 450.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action by J. E. Broussard against Frank De Klotz. From a judgment in favor of plaintiff on defendant's counterclaim, he brings error. Affirmed.

J. E. Broussard, the defendant in error, hereinafter called the plaintiff, instituted an action against the plaintiff in error, referred to herein as the defendant, to recover a balance of $11,426.95 with interest alleged to be due on an alleged stock subscription to the Jefferson County Rice Company, a corporation created under the laws of the state of Texas, which claim the plaintiff had purchased from the receiver appointed by a district court of the state of Texas in proceedings to wind up the corporation, and which was duly assigned to him. To that petition an answer was filed, but as the judgment was in favor of the defendant on this cause of action, from which no appeal has been taken to this court, it is unnecessary to refer to these pleadings more fully.

The defendant filed with his answer a counterclaim in which he claimed $20,000 damages from the plaintiff, alleging that the plaintiff, as a promoter of the Jefferson County Rice Company, assisted in inducing the defendant, by fraudulent representations, to invest in the stock of that corporation. A reply to the counterclaim was filed by the plaintiff, pleading the five-year statute of limitation, and denying that he was one of the promoters of the Jefferson County Rice Company, or that he had anything to do with the organization or capitalization of the corporation, but that he and two other persons, being the owners of certain lands in Jefferson county, Tex., entered into a contract to sell the same to B. D. Hurd, B. C. Mason, and A. H. McVey for the sum of $110,000 in money and one-third of all the profits the vendees might make by the resale of said lands; that the vendees sold the land to the corporation for $186,400, which entitled the vendors to one-third of the $76,400 profit made, and for which they took stock in the corporation.

A trial was had to a jury and upon the completion of the evidence both parties moved the court for a peremptory instruction in their favor on both causes of action. The court thereupon instructed the jury to return a verdict in favor of the defendant on the original cause of action, and in favor of the plaintiff, the defendant in error, on the counterclaim. The defendant alone moved his cause of action as set out in the counterclaim to this court by writ of error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied May 15, 1913.

I. N. Flickinger, of Council Bluffs, Iowa (E. H. McVey, of Kansas City, Mo., on the brief), for plaintiff in error.

Ralph L. Read, of Des Moines, Iowa (Read & Read, of Des Moines, Iowa, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and W. H. MUNGER and TRIEBER, District Judges.

TRIEBER, District Judge (after stating the facts as above). Without setting out the evidence in detail, a careful examination thereof establishes the following facts:

The plaintiff and his associates were the owners in 1899 and for several years prior thereto of 10,421 acres of land abutting on a fresh water stream known as Taylor's bayou in Jefferson county, Tex., a part of which had been cultivated by them in previous years in raising rice. That early in 1899 B. D. Hurd of Des Moines, Iowa, and S. M. Scott of Kansas City, Mo., obtained an option from the owners to purchase these lands at a price of $13 per acre, but owing to the fact that in 1899 salt water impregnated the waters of Taylor's bayou, which furnished the water for the cultivation of the rice fields and injured the rice crop, the option was permitted to lapse. Mr. Scott thereupon severed his connection with the deal and notified the defendant, whom he had sought to interest in the enterprise, of his withdrawal, stating, as his reason therefor, that the salt water had impregnated the waters in the bayou, the waters of which were necessary for the successful cultivation of rice on these lands.

Subsequently Mr. Hurd and Mr. A. H. McVey, who also resided in Des Moines, Iowa, obtained a new option at the same price of $13 per acre, but they failed to raise the money required by the option and permitted it to lapse. Thereupon they secured a new option, whereby they were to pay $9.50 per acre in money and in addition thereto one-third of the profits, provided the cash payment and the profits would net the vendors $13 per acre. This option was finally taken up and a contract entered into between the parties whereby it was agreed that in consideration of $185,000 the owners would sell these lands and convey them by good and satisfactory warranty deed to such person or persons as the parties who held the option should designate. The consideration was to be paid as follows: Fifteen thousand dollars in cash upon the delivery of the deeds of title to said lands; the remainder of said purchase price was to be divided into eight equal annual installments, and to be evidenced by as many notes as the parties of the first part may desire and designate; each note was to be made payable at the First National Bank of Beaumont, Tex., with 7 per cent. interest per annum payable annually, the notes to contain a clause providing for the payment by the makers thereof of an additional sum of 10 per cent. of the amount of the principal and interest of said notes as attorney's fee if it became necessary to institute suit for the collection of said notes or any sum remaining due thereon, but no suit was to be brought unless said notes or a part thereof shall have been in default 30 days, and if the default continues for 6 months, then all notes remaining unpaid shall

become due at the option of the vendors. As security the vendors were to retain a vendor's lien, which, under the laws of Texas, was equivalent to a mortgage. The defendant subscribed for $20,000 of the stock of the Jefferson County Rice Company at the solicitation of Hurd and McVey, but principally Hurd, upon condition that he, De Klotz, was to be one of the directors of the corporation. The plaintiff had nothing to do with the subscription, never solicited the defendant to make it, and made no representations to him whatever, De Klotz relying entirely upon Hurd, McVey, and Mason.

In the year 1900 the defendant visited the lands and learned of the crop failure in 1899 by reason of the salt water, but it was then believed by all that this was caused by extraordinarily high water, and could be prevented by the outlay of a comparatively small sum of money, but in 1901, by reason of the construction of the Port Arthur Canal, which intersected Taylor's bayou, its waters became impregnated with salt water and made rice planting on these lands practically impossible thereafter.

In view of the conclusions reached, it is unnecessary to determine the effect of the Iowa statute of limitations, as in our opinion there is no evidence whatever to justify a finding that Broussard either directly or indirectly made any false representations to De Klotz. It is neither charged in the counterclaim nor is there any substantial evidence justifying its submission to the jury that there was any conspiracy between the plaintiff and the other parties who had secured the option to perpetrate a fraud on the subscribers to the stock of the corporation which was to be formed by the vendees. All the evidence tends to show that the plaintiff and his associates would not sell the lands unless they would receive $13 per acre, and that the provision of the contract wherein the consideration to be paid was placed at $185,000 was made at the request of the vendees; that the defendant in the entire transaction relied on the purchasers of the option, who were his friends and associates in several business transactions.

Had the plaintiff been one of the promoters, or had he in any wise aided or assisted the other parties in inducing the defendant to make the subscription either by false representations or concealing from him the fact that they were to obtain a secret advantage by purchasing the lands at a less price than represented, he would no doubt be liable for the deceit if the action was not barred by limitation, for the law is well settled as stated in the headnote in Dickerman v. Northern Trust Co., 176 U. S. 181, 204, 20 Sup. Ct. 311, 319 (44 L. Ed. 423):

"Promoters of a corporation are bound to the exercise of good faith toward all the stockholders, to disclose all the facts relating to the property, and to select competent persons as directors who will act honestly in the interests of the shareholders, and are precluded from taking a secret advantage of the other shareholders."

Mr. Justice Brown, who delivered the opinion of the court in that case, said:

"A promoter is one who 'brings together the persons who become interested in the enterprise, aids in procuring subscriptions, and sets in motion the

machinery which leads to the formation of the corporation itself.' Or, as defined by the English statute of 7 and 8 Vict. c. 110, § 3, 'every person acting, by whatever name, in the forming and establishing of a company at any period prior to the company' becoming fully incorporated. He is treated as standing in a confidential relation to the proposed company, and is bound to the exercise of the utmost good faith. * * * The promoter is the agent of the corporation, and subject to the disabilities of an ordinary agent. His acts are scrutinized carefully, and he is precluded from taking a secret advantage of the other stockholders. Accordingly it has been held that if persons start a company, and induce others to subscribe for shares, for the purpose of selling property to the company when organized, they must faithfully disclose all facts relating to the property which would influence those who form the company in deciding upon the judiciousness of the purchase. If the promoters are guilty of any misrepresentation of facts, or suppression of the truth in relation to the character and value of the property, or their personal interest in the proposed sale, the company will be entitled to set aside the transaction or recover compensation for any loss which it has suffered."

The evidence fails to show that Broussard committed any act which influenced the defendant in making the subscription, nor was he guilty of any fraud. The court below committed no error in peremptorily instructing the jury that the defendant was not entitled to recover on his counterclaim.

The judgment of the court below must be affirmed.